UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DAVID RAY FUGATE, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 4:15CV1015 RLW |
|  | ) |  |
| MICHAEL S. BOWERSOX, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner David Ray Fugate's Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus By a Person in State Custody (ECF No. 1 ("Motion")) and Motion to Stay, Abey, Place in Hold Status (ECF No. 5). Because this Court has determined that Fugate's claims are inadequate on their face and the record affirmatively refutes the factual assertions upon which Fugate's claims are based, this Court decides this matter without an evidentiary hearing.[1]

## BACKGROUND

Fugate was charged with second-degree murder and armed criminal action as a result of the death of Michael Crutchfield ("the victim"). A jury found Fugate guilty of both charges, and recommended a sentence of twenty years' imprisonment for second-degree murder and ten

---

[1] "A district court does not err in dismissing a movant's motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. U.S.*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. U.S.*, 341 F.3d 720, 722 (8th Cir. 2003)(citation and quotation marks omitted); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (in a § 2254 case, holding that "[a] petitioner is not entitled to an evidentiary hearing . . . when his claims are . . . contentions that in the face of the record are wholly incredible.").

years for armed criminal action. Fugate filed a motion for a new trial. The trial court did not rule on Fugate's post trial motion, deeming it denied pursuant to Rule 29.11(g). The court entered judgment upon the jury's verdict and sentenced Fugate according to the jury's recommendation, the sentences to be served consecutively. On September 4, 2012, the Missouri Court of Appeals affirmed the judgment of the trial court. *State v. Fugate*, 377 S.W.3d 612 (Mo. Ct. App. 2012); ECF No. 14-6. On December 9, 2014, the Missouri Court of Appeals affirmed the motion court's denial of Fugate's Rule 29.15 motion for postconviction relief. *Fugate v. State*, 456 S.W.3d 861, 862 (Mo. Ct. App. 2014); ECF No. 14-12.

On June 29, 2015, Fugate filed this Motion seeking relief based upon the following grounds:

(1) Fugate argues that his trial counsel was ineffective for not presenting "30 Thomure photographs" and the "St. Anthony's medical records."

(2) Fugate alleges that the State knowingly solicited the perjured testimony of David Hopewell when Hopewell testified that he did not see the victim and Fugate shove and push one another before Fugate shot the victim.

On August 10, 2015, Fugate file a Motion to Stay, Abey, Place in Hold Status, asking that he be able to return to state court to exhaust his newly discovered claim that the state knowingly used perjured testimony to obtain a conviction. (ECF No. 5). On November 17, 2015, Bowersox filed a response to both motions. (ECF No. 14). Michael Bowersox is the Warden of the South Center Correctional Center ("SCCC") is Fugate's custodian.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on

the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]n a § 2254 habeas corpus proceeding, a federal court's review of alleged due process violations stemming from a state court conviction is narrow." *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995). "[A]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "'A state court's decision is contrary to ... clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision ... and nevertheless arrives at a [different] result.'" *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)). The Supreme Court has emphasized the phrase "Federal law, as determined by the Supreme Court," refers to "the holdings, as opposed to the dicta, of this Court's decisions," and has cautioned that § 2254(d)(1) "restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. A State court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a

˅3˅

new context where it should apply." *Williams*, 529 U.S. at 407. A State court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)).

## DISCUSSION

### I. Motion to Stay and Abey

Fugate moves this Court for a stay and abeyance while he seeks to litigate his unexhausted claim in the state courts. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims." *Rhines v. Weber*, 544 U.S. 269, 270 (2005). Entitlement to a stay requires not only consideration of whether petitioner had good cause for his failure to exhaust, but also whether his unexhausted claims are "plainly meritless," whether the claims are potentially meritorious, and whether the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 277-78.

Prior to considering the merits of a state petitioner's habeas claims, a federal court must determine whether the federal constitutional dimensions of the petitioner's claims were presented to the state court. *Smittie v. Lockhart*, 843 F.2d 295, 296 (8th Cir.1988). If not, the petitioner may still meet the exhaustion requirement if there are no currently available non-futile state remedies by which he could present his claims to the state court. *Smittie*, 843 F.2d at 296. When the petitioner's claims are deemed exhausted because he has no available state court remedy, the federal court still cannot reach the merits of the claims unless the petitioner demonstrates adequate cause to excuse his state court default and actual prejudice resulting from the alleged unconstitutional error, or that a fundamental miscarriage of justice would occur if the Court were

˘4˘

not to address the claims. *Coleman v. Thompson*, 501 U.S. 722 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Keithley v. Hopkins*, 43 F.3d 1216, 1217 (8th Cir.1995); *Stokes v. Armontrout*, 893 F.2d 152, 155 (8th Cir.1989). Before reviewing any claims raised in a habeas petition, the Court may require that every ground advanced by the petitioner survive this exhaustion analysis. *Rhines*, 544 U.S. at 269.

In this case, Fugate does not have any non-futile state remedies by which he can present his unexhausted claims to the state courts. Rule 29.15 is the "exclusive procedure by which [a convicted] person may seek relief in the sentencing court" for claims that his conviction violated the state or federal constitutions. Mo. S. Ct. R. 29.15. And any such motion must be filed no later than 90 days from the issuance of the mandate by the appellate court on direct appeal. *Id.* As a result, all of Fugate's claims are exhausted, and the petition is not subject to stay and abeyance under *Rhines*.

As an additional basis (and as discussed below), the Court holds that allowing a stay and abey of Fugate's claims would be futile because his claims are patently merits.

## II. Habeas Petition

### A. Procedural Default

Fugate argues that trial counsel was ineffective for not presenting "30 Thomure photographs" and the "St. Anthony's medical records." Some of this evidence was presented at trial, but Fugate contends that his trial counsel was ineffective for not submitting all of the photographs of Fugate's injuries and for not submitting Dr. Kimberly Lederman's finding that Fugate suffered a "contusion of the chest." (ECF No. 1 at 2, 3). Fugate also contends that the State knowingly solicited the perjured testimony of David Hopewell when Hopewell testified that he did not see the victim and Fugate shove or push one another before Fugate shot the victim. (ECF No. 1 at 5).

-5-

Before presenting a claim for review in a federal habeas petition, a petitioner must properly exhaust his state remedies. 28 U.S.C. §2254(b). The "exhaustion requirement is satisfied only when the federal claim is 'fairly presented' to the state courts." *Stranghoener v. Black*, 720 F.2d 1005, 1007 (8th Cir. 1983). A claim is not fairly presented when factual allegations with a significant impact on the merits of the claim are raised for the first time in federal court. *Id.* For a claim to be fairly presented and for state remedies to be properly exhausted, a petitioner must have raised the claim on direct appeal or in state post-conviction proceedings. *Davis v. Campbell*, 608 F.2d 317, 321 (8th Cir. 1979).

Under Missouri law, claims not included in the amended motion for post-conviction relief are not considered to be before the motion court. *Wills v. State*, 321 S.W.3d 375, 386 (Mo. Ct. App. 2010); *Self v. State,* 14 S.W.3d 223, 226 (Mo. App. S.D. 2000) ("Allegations in a *pro se* motion that are not included in a subsequently filed amended motion are not for consideration."). When appellate court review of a post-conviction motion is available, failure to include a claim made to the motion court in an appeal operates as a procedural bar to consideration of such a claim by the federal courts. *Flieger v. Delo*, 16 F.3d at 875. "A petitioner must present '*both* the *factual and legal* premises' of his claims to the state courts in order to preserve them for federal habeas review." *Flieger*, 16 F.3d at 884 (citing *Cox v. Lockhart,* 970 F.2d 448, 454 (8th Cir. 1992). "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010).

Fugate could have raised his first claim in his post-conviction proceedings. Mo. Sup. Ct. R. 29.15(a). He raised a similar claim that trial counsel was infective for failing to submit seven Thomure photographs. (Respondent's Exhibits H, I, and L). Because Fugate's currents claim is not the same factual claim he presented to the state courts during his post-conviction proceedings, his first claims is defaulted. In a similar way, Fugate could have raised his second claim on direct

appeal or post-conviction proceedings, but he did not. (Respondent's Exhibits H, I, and L). Because Fugate failed to present his claims to the state court, they are defaulted.

To overcome his default, Fugate must either show "cause and prejudice" or "manifest injustice" through newly discovered evidence of his actual innocence. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.").

Fugate does not appear to allege cause to excuse his default of his second claim challenging the alleged perjured testimony of Hopewell. Fugate contends, however, that ineffective assistance of post-conviction motion and post-conviction appellate counsel should constitute cause to excuse his default on his first claim. (ECF No. 1 at 8). Claims of ineffective assistance of post-conviction appellate counsel cannot constitute cause to excuse a defaulted claim. *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012) ("an attorney's negligence in a postconviction proceeding does not establish cause"). However, the United States Supreme Court has held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012). To meet this narrow exception for establishing cause, Fugate must demonstrate that the post-conviction counsel was also ineffective under the standards of *Strickland*. Therefore, "[t]o overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Martinez*, 132 S. Ct. at 1318. As previously discussed, post-conviction motion counsel attempted to raise a similar claim, asserting

that trial counsel was ineffective for not raising seven photographs. The Court, however, holds that Fugate's counsel merely winnowed out weaker arguments. *Jones v. Barnes*, 463 U.S. 745, 746 (1983) ("[e]xperienced advocates have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues."). Furthermore, as discussed herein, the defaulted claims are meritless and post-conviction counsel was not effective for failing to raise the claims. Therefore, Fugate cannot demonstrate that his post-conviction counsel's performance was deficient.

Nor has Fugate shown that manifest injustice would result if this Court would not review his defaulted claims. The manifest injustice exception only applies when a petitioner shows by clear and convincing evidence that, but for an alleged constitutional error, no reasonable juror would have found the petitioner guilty. *Wallace v. Lockhart*, 12 F.3d 823, 827 (8th Cir. 1994) ("This exception, which also is known as the "actual innocence" exception, applies only where the habeas petitioner demonstrates by clear and convincing evidence that, but for the alleged constitutional error, no reasonable juror would have found the petitioner guilty of the crime of which he was convicted."). This exception only applies, however, to claims of factual innocence as opposed to legal innocence. Here, Fugate has already admitted that he shot the victim, but that he did so in self-defense. (Respondent's Exhibit F at 6). Fugate's new claim that someone else must have shot the victim does not overcome his admissions to the contrary. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). Fugate has presented no new evidence establishing his factual innocence. Therefore, Fugate has not demonstrated that his claim falls within the actual innocence exception and this Court does not review the merits of his defaulted claim.

### B. Merits

Moreover, even if Fugate's claims were not procedurally barred, his claims also fail on the merits.

#### 1. Photographs

Fugate argues that trial counsel was ineffective for not presenting "30 Thomure photographs" and the "St. Anthony's medical records." Some of this evidence was presented at trial, but Fugate contends that his trial counsel was ineffective for not submitting all of the photographs of Fugate's injuries and for not submitting Dr. Kimberly Lederman's finding that Fugate suffered a "contusion of the chest." (ECF No. 1 at 2, 3).

To support an ineffective assistance of counsel claim, a convicted movant must first show "that his counsel's performance was deficient, and that he suffered prejudice as a result." *Paul v. United States*, 534 F.3d 832, 836 (8th Cir. 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The movant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Malcom v. Houston*, 518 F.3d 624, 626 (8th Cir. 2008). A reasonable probability is less than "more likely than not," *Kyles v. Whitley*, 514 U.S. 419, 434 (1995), but more than a possibility. *White v. Roper*, 416 F.3d 728, 732 (8th Cir. 2005). A reasonable probability "is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense." *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (citations omitted).

In his habeas petition, Fugate alleges that trial counsel was ineffective for not presenting all of the photographs taken by Mr. Robert L. Thomure and Mr. Robert P. Thomure (collectively, the "Thomure photographs") and for failing to admit Fugate's "St. Anthony's medical records." (ECF No. 1 at 1).

In a similar claim, Fugate previously argued that his counsel was ineffective for failing to introduce seven photographs of his injuries. The Court of Appeals held as follows:

> [Fugate] next alleges he was denied effective assistance of counsel when counsel failed to introduce photographs of injuries he sustained on the night of the murder. He claims the photos would have shown that he was knocked down by the victim and would have aided in his self-defense claim. The motion court found the desired evidence cumulative, and thus denied [Fugate's] claim.
> The motion court did not clearly err. [Fugate] failed to allege facts demonstrating that counsel was ineffective. The State and [Fugate] presented substantial evidence of [Fugate's] injuries. The State presented testimony and photographs of injuries to [Fugate's] palms, hands, right finger, arm, elbow, and face. [Fugate] testified about the injuries to his palms, two fingers, left elbow, and knees. He also stated that he might have sustained "some other little minor cuts scrapes." [Fugate] alleges his photographs would have shown injuries to both palms, his right hand with two missing fingernails, his left arm, left elbow, both knees, and his chest. The only apparent difference between the evidence presented at trial and the evidence not presented was an undescribed injury to [Fugate's] chest. Further evidence on this matter would have been cumulative. As previously stated, failure to put on cumulative evidence is not ineffective assistance of counsel. [*Deck v. State*, 381 S.W.3d 339, 351 (Mo. 2012); *Bates v. State*, 421 S.W.3d 547, 554 (Mo. Ct. App. 2014)]. Relief based on this ground is therefore not warranted. We deny this point.

(ECF No. 14-12).

Here, Fugate contends that his trial counsel was ineffective for not presenting all of the Thomure photographs and for failing to admit Fugate's "St. Anthony's medical records". Although this is not exactly the same claim as was presented to the Missouri Court of Appeals, the Court holds that the Missouri State Court did not unreasonably apply federal law and that Fugate has not shown effective assistance of counsel. Rather, the Court holds there was substantial evidence of Fugate's injuries at trial and Fugate has not shown that counsel should

have submitted more. Fugate has not demonstrated that trial counsel's failure to move to admit cumulative evidence constitutes ineffective assistance under Strickland. *Winfield v. Roper*, 460 F.3d 1026, 1034 (8th Cir. 2006) (failure to present cumulative testimony is not contrary to, or an unreasonable application of, federal law and that petitioner suffered no prejudice by counsel not calling these witnesses); *Bucklew v. State*, 38 S.W.3d 395, 401 (Mo. 2001) (quoting *State v. Johnston*, 957 S.W.2d 734, 755 (Mo. 1997) ("Failing to present cumulative evidence is not ineffective assistance of counsel.").

The Court further holds that Fugate has not shown prejudice. The records do not show what occurred on April 11, 2010. The jury already had evidence that regarding Fugate's injuries. Additional Thomure photographs and the St. Anthony's medical records show that Fugate had a bruise on his chest would not have demonstrated that that Fugate's claim of self-defense or defense of others was credible. There is no dispute that Fugate suffered injuries on the night of the murder, and such evidence was presented to the jury. Rather, the pertinent issue was whether the victim attacked Fugate. Because this additional and cumulative evidence does not address the fundamental issue in this case, the Court must deny the habeas motion on this issue. Fugate has not shown a reasonably probability that the result of the proceeding would have been different if this evidence would have been admitted and, therefore, the Court denies his habeas motion on this claim. *See Armstrong v. Kemna*, 534 F.3d 857, 866 (8th Cir. 2008) ("To demonstrate *Strickland* prejudice, Armstrong must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.") (internal citation omitted).

## 2. Perjured Testimony

In his second claim, Fugate contends that the State knowingly solicited the perjured testimony of David Hopewell when Hopewell testified that he did not see the victim and Fugate shove or push one another before Fugate shot the victim. (ECF No. 1 at 5).

It is "well established ... that 'a conviction obtained by the knowing use of perjured testimony is fundamentally unfair, and must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury.' " *United States v. Bagley*, 473 U.S. 667, 678 (1985) (quoting *United States v. Agurs*, 427 U.S. 97, 112 (1976)); *Johnson v. Trickey*, 882 F.2d 316, 318 (8th Cir. 1989). The Supreme Court has held that the prosecution cannot not solicit false evidence or allow it to go uncorrected when it appears. *Giglio v. United States*, 405 U.S. 150, 153 (1972); *Napue v. Illinois*, 360 U.S. 264 (1959). "To establish a due process violation based on the prosecutorial use of false testimony, a defendant must show that '(1) the prosecution used perjured testimony; (2) the prosecution should have known or actually knew of the perjury; and (3) there was a reasonable likelihood that the perjured testimony could have affected the jury's verdict.'" *United States v. Bass*, 478 F.3d 948, 951 (8th Cir. 2007) (quoting *United States v. Funchess,* 422 F.3d 698, 701 (8th Cir. 2005)); *United States v. Peterson*, 223 F.3d 756, 763 (8th Cir. 2000).

Here, the Court holds that Fugate has not demonstrated that his conviction violated federal law. That is, Fugate has not demonstrated to the Court that his conviction was obtained through the prosecution presenting knowingly perjured testimony. Rather, Fugate's allegations are based upon mere speculation and conjecture. Fugate has not demonstrated that Hopewell's testimony that he did not see the victim or Fugate shoving one another is false, or that the State knowingly used false testimony. Moreover, even if Fugate provided evidence that demonstrated that

Crutchfield (the victim) and Fugate shoved each other, Hopewell may not have seen the altercation. (ECF No. 14 at 13). Hopewell testified on cross-examination that he saw Fugate and the victim arguing and then Hopewell froze when he saw the gun in Fugate's hand. (Respondent's Exhibit A at 278). Hopewell testified that he "froze and [] couldn't move," and he then grabbed his girlfriend, who was holding onto Crutchfield, and both of them ran away from Fugate and Crutchfield. (Respondent's Exhibit A at 278-79). Hopewell stated that slipped and fell, and he looked back to make sure he had not been shot and that it was safe to continue running. (Respondent's Exhibit A at 279). Hopewell looked back and saw Fugate standing over Crutchfield, as Crutchfield was trying to crawl. (Respondent's Exhibit A at 280). Given his timeline of events, Hopewell may not have seen any altercation between Fugate and Crutchfield when Hopewell was running away from them. Therefore, the Court also denies Fugate's second claim because there is no evidence that Hopewell's testimony was perjured.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner David Ray Fugate's Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus By a Person in State Custody (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834, 119 S. Ct. 89, 142 L. Ed. 2d 70 (1998).

**IT IS FINALLY ORDERED** that Motion to Stay, Abey, Place in Hold Status (ECF No. 5) is **DENIED**.

A judgment dismissing this case is filed herewith.

Dated this 29th day of January, 2015.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE